**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

| | | |
|---|---|---|
| **APRIL AGEE, ET AL.** § | | **PLAINTIFFS** |
| § | | |
| **VS.** § | | **CASE NO. 2:07CV1010-KS-MTP** |
| § | | |
| **WAYNE FARMS LLC** § | | **DEFENDANT** |
| § | | |
| CONSOLIDATED WITH § | | |
| § | | |
| **EULA M. KEYES, ET AL.** § | | **PLAINTIFFS** |
| § | | |
| **VS.** § | | **CASE NO. 2:07CV1011-MTP** |
| § | | |
| **WAYNE FARMS LLC** § | | **DEFENDANT** |

**BRIEF SUPPORTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (PERSONAL TIME ADEQUATE)**

**I.    Introduction**

These seventeen Plaintiffs should be dismissed because, even assuming the truth of their claims of daily minutes worked off-line, Wayne Farms already has paid for that time.

| | **Name** | **Overtime Minutes Per Day Alleged in Initial Disclosure[1]** | **Hours & Earnings History[2]** |
|---|---|---|---|
| 1 | Allen, Cassillie | 10 | LRL034036 – LRL034037 (Ex. 2, p. 1-2) |
| 2 | Barnett, Debora[3] | 10 | LRL034107 – LRL034109 (Ex. 2, p. 3-5) |
| 3 | Bridges, Anthony | 6 | LRL034215 – LRL034217 (Ex. 2, p. 6-8) |

---

[1] *See* Exhibit 1 Plaintiffs' Fifth Supplemental Initial Disclosures.

[2] Each Hours & Earnings History shows the amount of Personal Time paid to each Plaintiff under the personal time hours "PTHrs" and personal time earnings "PTEarn" columns. The hours and earnings history shows weekly hours, so 0.5 of an hour is 30 minutes per week, or 6 minutes per day.

[3] Ms. Barnett also produced several of her Earnings Statements from Wayne Farms. On each statement, there is a line labeled Personal Time with 0.50 hours credited to Ms. Barnett each week. See Plaintiff's Doc. AGEE-LRL-BARNETT-1 – 20, attached hereto as Exhibit 7.

|   | Name | Overtime Minutes Per Day Alleged in Initial Disclosure[1] | Hours & Earnings History[2] |
|---|---|---|---|
| 4 | Brown, Sevetrium | 10 | LRL034230 – LRL034232 (Ex. 2, p. 9-11) |
| 5 | Clayton, David | 10 | LRL034314 – LRL034315 (Ex. 2, p. 12-13) |
| 6 | Crosby, Keisha | 10 | LRL034414 – LRL034417 (Ex. 2, p. 14-17) |
| 7 | Cunningham, Annie | 12 | LRL034425 – LRL034428 (Ex. 2, p. 18-21) |
| 8 | Dawkins, Ceola | 5 | LRL034460 – LRL034462 (Ex. 2, p. 22-24) |
| 9 | Evans, Errie | 12 | LRL034558 – LRL034560 (Ex. 2, p. 25-27) |
| 10 | Heard, Jacqueline | 10 | LRL034759 – LRL034760 (Ex. 2, p. 28-29) |
| 11 | Malley, Lakya | 10 | LRL035165 – LRL035167 (Ex. 2, p. 30-32) |
| 12 | Newell, Cecelia | 12 | LRL035369 – LRL035370 (Ex. 2, p. 33-34) |
| 13 | Payton, Willie D., Jr. | 10 | LRL035443 – LRL035445 (Ex. 2, p. 35-37) |
| 14 | Pruitt, Bobbie Jean | 10 | LRL035520 – LRL035523 (Ex. 2, p. 38-41) |
| 15 | Taylor, April | 12 | LRL035716 – LRL035718 (Ex. 2, p.. 42-44) |
| 16 | Vale, Natasha | 12 | LRL035784 – LRL035785 (Ex. 2, p. 45-46) |
| 17 | Watson, Latasha | 12 | LRL035820 – LRL035821 (Ex. 2, p. 47-48) |

## II.     Personal Time

This case contests a specific pay practice – i.e., use of a master time card to track the work hours of people assigned to a processing line.  Plaintiffs complain that this practice fails to capture time spent in work done away from the line, before and after work done on the line.

Wayne Farms paid these Laurel Plaintiffs an extra eleven minutes per day over and above master card time.  Since 2000, with the foreknowledge of Plaintiffs' labor union, UFCW Local 1529, Wayne Farms has paid an extra six daily minutes to Laurel processing employees whose

work hours are tracked by a master card for the line to which they are assigned.[4]  Also since 2000, Wayne Farms has given all plant employees a thirty-five minute lunch break, but has deducted only thirty of those minutes from paid time.[5]  Thus, altogether, Wayne Farms has paid these Plaintiffs an extra eleven minutes per day for "Personal Time."

Pursuant to Pretrial Order No. 2, paragraph 4 (Doc. 22 filed in S.D. Miss. 2:07md1872), certain Plaintiffs served on defense counsel their initial disclosures.  *See* Exhibit 1.  The initial disclosures consisted of each designated Plaintiff's name, social security number, address, the Wayne Farms plant where he or she worked, and a statement of the number of unpaid overtime minutes he or she claims to have worked each week.  Instead of estimating the number of minutes per week, the Plaintiffs disclosed the number of minutes per day that he or she is claiming.  None of the Plaintiffs indicated that their number of unpaid minutes varied from day to day.  Almost all of the Plaintiffs either indicated that he or she was not paid six minutes of personal time, or that he or she does not know whether he or she was paid personal time.

Pretrial Order No. 2 further states, "If the Plaintiff's calculation is based on the difference between asserted work time and paid master card time and does not credit the Defendant with payment of six daily minutes of Personal Time (and any additional time credits applicable in that plant), that fact shall be stated."  Doc. 22, ¶ 4.  Since each Plaintiff listed above indicated that

---

[4] *See* each Plaintiffs' hours and earnings history listed in the chart above, which shows the amount of Personal Time paid to each Plaintiff under the personal time hours "PTHrs" and personal time earnings "PTEarn" columns.  The Hours and Earnings Histories are drawn from employment records that Wayne Farms has produced to Plaintiffs, and that are stipulated to be authentic.  *See* Business Records Stipulation, Doc. 25, 2:07md1872.  The hours and earnings history shows weekly hours, so 0.5 of an hour is 30 minutes per week, or 6 minutes per day.  *See also*, Exhibit 3, Declaration of Benny Bishop, and Exhibit 4, Declaration of Debbie Falls.

[5] *See* Exhibit 5, Laurel Union Contract 11/17/03-11/17/06, Art. XXIV, Sec. 4 (LRL000094), and Exhibit 6, Laurel Union Contract 11/18/06-11/18/09, Art. XXIV, Sec. 4 (LRL031694).  *See also*, Exhibit 3, Declaration of Benny Bishop, and Exhibit 4, Declaration of Debbie Falls.

they do not credit Wayne Farms with eleven minutes of Personal Time, their calculations must be based on the difference between their asserted work time and the master card time.

Each of the Plaintiffs listed in the chart above admitted that they worked approximately twelve minutes, or less, per day away from the line, which was not recorded by master card time. Wayne Farms has submitted evidence that each of these Plaintiffs was paid eleven minutes of Personal Time per day. Therefore, based on their own admissions, these Plaintiffs were fully compensated for all their work at Wayne Farms.

The Plaintiffs who estimated that they worked five, six, or ten minutes outside of master card time per day were fully compensated for their time by the payment of an extra eleven minutes of time per day. The Plaintiffs who estimated that they worked twelve minutes outside of master card time per day were compensated for eleven of those minutes. The potential non-payment for one minute of overtime per day is *de minimis*.[6] Therefore, these Plaintiffs were fully compensated by the eleven minutes of Personal Time per day for all work done at Wayne Farms.

### III.   Conclusion

These Plaintiffs' claims must be dismissed, with prejudice, because based on their claim of unpaid minutes in their initial disclosures, Wayne Farms has already paid them for all work done under master card time and outside of master card time.

Respectfully submitted this the 15th day of October, 2008.

---

[6] 29 C.F.R. § 785.47. Most courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable. *Chao v. Tyson Foods, Inc.*, 2:02-CV-1174-VEH, 2008 WL 2020323, at *11 (N.D. Ala. Jan. 22, 2008) (citing *Lindow v. U.S.*, 738 F.2d 1057, 1062 (9th Cir. 1984)).

        WAYNE FARMS LLC

        BY: BALCH & BINGHAM LLP

        s/Anne Harlan Latino
        Anne Harlan Latino (102807)
        R. Pepper Crutcher, Jr. (7921)
        E. Russell Turner (9903)
        Attorneys for Defendant
        Balch & Bingham LLP
        Telephone (601) 965-8158
        pcrutcher@balch.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Seth M. Hunter
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi  39401

William S. Hommel, Jr.
3304 South Broadway Avenue
Tyler, Texas 75701-7818

Robert L. Salim
1762 Texas Street
Natchitoches, LA 71457

Richard Celler
Morgan & Morgan
7450 Griffin Road, Suite 230
Davie, Florida 33314

Mike Espy
Lamar Life Building
317 E. Capitol Street, Suite 101
Jackson, MS 39201

                  s/Anne Harlan Latino
                  Of Counsel