IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**APRIL AGEE, et al.**
**PLAINTIFF(S)**

**V.**  CIVIL ACTION 2:07-cv-1010-KS-MTP

**WAYNE FARMS, L.L.C., et al.**
**DEFENDANT(S)**

*CONSOLIDATED WITH*

**EULA M. KEYES, et al.**
**PLAINTIFF(S)**

**V.**  CIVIL ACTION 2:07-cv-1011-KS-MTP

**WAYNE FARMS, L.L.C., et al.**
**DEFENDANT(S)**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (ADEQUACY OF PERSONAL TIME)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, in the above-entitled and numbered cause and would respond to the Defendant's Motion for Partial Summary Judgment (Adequacy of Personal Time) as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

**1. Factual background**

Plaintiffs now respond to Defendant's Motion for Partial Summary Judgment based upon the conclusory allegation that its pay practices fully compensate Plaintiffs for all overtime worked in their Laurel, Mississippi plant. Defendant's Motion fails because it is based entirely

upon a factual dispute regarding the amount of unpaid time for each plaintiff for which summary judgment is sought. The proof upon which Defendant relies is: (1) Wayne Farms pays an extra six minutes per day as 'personal time'; (2) Wayne Farms allegedly allows an additional five minutes on one of the unpaid breaks during each eight hour shift, and; (3) the alleged eleven minutes of 'extra time' adequately compensates the Plaintiffs. The foundation of the motion is the amount of unpaid time stated in the Plaintiffs' initial disclosures. These initial disclosures have since been amended and clearly indicate that all Plaintiffs allege Wayne Farms has not paid them lost overtime wages far in excess of any alleged 'extra time' allowed by the company.

 2. **Summary Judgment Standard**

Summary judgment is only proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington, Tex.,* 246 F.3d 500, 502 (5th Cir. 2001), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001).The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322, 106

S.Ct. 2548. If the moving party fails to meet this burden, then they are not entitled to a summary judgment and no defense to the motion is required. *Id.* To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.,* 185 F.3d 496, 505 (5th Cir. 1999), superseded by statute on other grounds as noted in *Mathis v. Exxon Corp.,* 302 F.3d 448, 459 n.16 (5th Cir. 2002). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Yaquinto v. Segerstrom (In re Segerstrom),* 247 F.3d 218, 223 (5th Cir. 2001); *see also Samuel v. Holmes,* 138 F.3d 173, 176 (5th Cir. 1998). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence, disregard all evidence favorable to the moving party that the jury is not required to believe, and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000).

## ARGUMENT AND AUTHORITIES

**1.      Plaintiffs' disclosures have been amended to account for the second unpaid break**

The evidence upon which Defendant relies to support its motion are Plaintiffs' individual initial disclosures wherein they state a particular number of minutes of overtime pay per day that they claim that they should be paid. However, since the filing of the Motion for Partial Summary Judgment, these disclosure responses have been amended to reflect additional minutes for which Plaintiffs claim compensation. The precise allegation is that the second unpaid meal break should be compensated. Plaintiffs are squaring their Rule 26 disclosures with the legal arguments raised. When a party learns that an earlier disclosure is incomplete or incorrect in some material

respect and the information has not been made know to the other party, the disclosure is required to be supplemented. FRCP 26(e)(1); *See: Klonoski v. Mahlab,* 156 F.3d 255, 268 (1st Cir.1998). Here, Plaintiffs are merely supplementing their previous disclosures to reflect their allegation that the second "meal break" is compensable. The amount of unpaid work time alleged by Plaintiffs clearly exceeds the six minutes of 'personal time' which Wayne Farms alleges to have paid these individuals. As will be seen below, the 'extra time' during the meal break that Wayne Farms claims to allow its processing workers only creates a fact issue as to whether these workers are performing compensable work 'on the clock' or 'off the clock.' This evidence alone contradicts the Defendant's position that its 'personal time' and 'extra time' allowances are adequate to fully compensate Plaintiffs as required under the FLSA.

**2.    Compensable work occurs during the unpaid meal break**

The declarations and discovery responses attached to this response contain clear evidence that the processing employees are required by the nature of the work to perform compensable work during their unpaid breaks.[1] Specifically, once the break is commenced, the processing workers are required to take off (or doff) their gloves and smocks and leave them in the processing area of the plant. Once they have doffed these required items, they are allowed to leave the processing area of the plant and walk to the break room where they are able to take their break. Once the processing employees are inside the break room, they remove other equipment and sanitary gear before they are able to be completely free to eat their meal. At the end of the break, the employees are required to don the protective and sanitary gear, sanitize it and walk back to the line in order to be in place by the end of the break. The result is that the

---

[1] See: Ex A, Declarations of Randy Arrington, James Barnett, Rachel Bishop, Ruby Booth, Krystal Bowens, Victoria Breland, Shinie Carter, James Clayborne, Mark Gordon, Annie Haynes, Vivian Jackson, Ronnie Jones, Sammie Jones, Angelita Jordan, Betty Kirk, Jewel McKenzie, Virginia Merrill, Albert Nixon, Ruby Parker, Elsie Perkins, Lakesha Porter, Tyieshia Russell, Willie Sanders, Johnny Smith, Alonzo Spencer, Jamillia Tanner, Kurt White, Larry Williams and Ex B, Plaintiff's Amended Disclosures (Agee).

processing workers receive far less than the allotted thirty minute break to use for their own purposes.

## 3. The second unpaid break is compensable under 29 CFR 785.19 and *Burks v. Equity Group*

According to the Collective Bargaining Agreement which is applicable to the Plaintiffs made the subject of this motion, Wayne Farm's processing employees are given two thirty minute unpaid breaks during each eight hour shift.[2] The company calls both breaks 'meal breaks'; however, the applicable regulations and case law show that there can be only one *bona fide* meal break during a single eight hour work shift. Therefore, the second unpaid break should be compensated.

The Secretary of Labor has promulgated two regulations pertaining to meal and rest periods. The first, entitled "Rest", states:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18. This regulation is particularly relevant, not only for what it says, but also for what it does not say. While the regulation states that rest periods "running from 5 minutes to about 20 minutes" are common in industry and must be counted as hours worked, the regulation does *not* say that rest periods of more than 20 minutes can automatically be excluded from hours worked.

The second regulation is entitled "Meal" and states:

> Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. *The employee must be completely relieved from duty for the purposes of eating regular meals.* Ordinarily

---
[2] Ex C - CBA Article XXIV, Section 4.

> 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

29 C.F.R. § 785.19 (emphasis added). The first key phrase in this regulation is that the employee must be completely relieved from duty during the meal period. The second key phrase is that the purpose of the meal period must be to eat a *regular meal.*

Several courts have held entire meal breaks to be compensable under the FLSA when employees continue to have job responsibilities during their breaks. *See Kohlheim v. Glynn County,* 915 F.2d 1473, 1477 (11th Cir.1990) ("[T]he essential consideration in determining whether a meal period is a bona fide meal period or a compensable rest period is whether the employees are in fact relieved from work for the purpose of eating a regularly scheduled meal."); *see also Reich v. S. New England Telecomm. Corp.,* 121 F.3d 58, 64-65 (2d Cir.1997) (holding meal periods compensable "work" under FLSA if employees perform duties predominantly for the benefit of the employer); *Henson v. Pulaski County Sheriff Dep't,* 6 F.3d 531, 534-35 (8th Cir.1993) (same).

As shown in Plaintiffs' summary judgment evidence, the employees claim that they spend time during their unpaid breaks performing what they allege are compensable activities for the benefit of the company. Furthermore, even if Plaintiffs are completely relieved from duty, there is little authority to support the position that a rest period can be unpaid when it is not for the purpose of eating a regular meal. Almost every case that has held that a break period could be excluded from hours worked has done so in the context of a bona fide meal period. *See, e.g., Bernard v. IBP, Inc.,* 154 F.3d 259 (5th Cir.1998); *Reich v. S. New England Telecomm. Corp.,* 121 F.3d 58 (2d Cir.1997); *Bates v. Dep't of Corrections,* 81 F.3d 1008 (10th Cir.1996); *Henson v. Pulaski County Sheriff Dep't,* 6 F.3d 531 (8th Cir.1993); *Alexander v. City of Chicago,* 994

F.2d 333 (7th Cir.1993); *Kohlheim v. Glynn County,* 915 F.2d 1473 (11th Cir.1990); *Brennan v. Elmer's Disposal Serv., Inc.,* 510 F.2d 84 (9th Cir.1975).

In *Burks v. Equity Group-Eufaula Div.*, LLC, 2008 WL 3271905 (M.D.Ala.), Judge Fuller followed this exact line of reasoning in denying the defendant's motion for summary judgment in that case. The idea that the company is providing two bona fide meal breaks within one eight-hour shift stretches credibility at best and at worst is a clear attempt to avoid payment for compensable time under the FLSA. Clearly, there is a triable issue of fact regarding whether the amount of 'personal time' paid by Wayne Farms is adequate to fully compensate Plaintiffs for all hours worked.

Wherefore, Plaintiffs pray that Defendant's Motion for Summary Judgment be denied in all respects and for such other and further relief to which they are justly entitled.

Respectfully submitted, this 27th day of October, 2008.

/s/William S. Hommel, Jr.
William S. Hommel, Jr.
William S. Hommel, Jr., P.C.
1402 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
903-596-7464 Facsimile
Email: bhommel@hommelfirm.com

Robert J. Camp
THE COCHRAN FIRM
505 North 20th Street, Suite 825
Birmingham, AL 35203
205-244-1115
Fax: 205-244-1171
Email: rcamp@cochranfirm.com

Roman A. Shaul
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

1-334-269-2343
Email: roman.shaul@beasleyallen.com

Seth M. Hunter
Seth Hunter Attorney At Law
404 Hemphill Street
Hattiesburg, MS 39401
601-450-8682
601-450-8683 Facsimile
sethmhunter@gmail.com

Richard B. Celler
Morgan and Morgan
7450 Griffin Road, Suite 230
Davie, Florida 33314
954-318-0268
954-333-3515 Facsimile
rceller@forthepeople.com

Samuel A. Cherry
Lance H. Swanner
Cochran, Cherry, Given, Smith, Lane & Taylor, P.C.
P.O. Box 927
Dothan, Alabama 36302
334-793-1555
334-836-2500 Facsimile
scherry@cochranfirm.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

R. Pepper Crutcher, Jr. (7921)
E. Russell Turner (9903)
Balch & Bingham LLP
401 East Capitol Street
Suite 200

Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

Dorman Walker (ASB-9154-R81J)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Lisa J. Sharp (ASB-1061-H53L)
Wendy A. Madden (ASB-5307-W71M)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

T. Joshua R. Archer (021208)
Balch & Bingham LLP
30 Allen Plaza, Suite 700
30 Ivan Allen Jr. Blvd. N.W.
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

/s/William S. Hommel, Jr.
William S. Hommel, Jr.