IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| APRIL AGEE, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1010-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |
| | **consolidated with** |
| EULA M. KEYES, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1011-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |

ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER is before the court on a Motion for Sanctions [39] filed by defendant, based on plaintiffs'[1] failure to provide their initial disclosures. Defendant seeks the dismissal of these plaintiffs or, in the alternative, that any evidence that should have been disclosed by these plaintiffs be barred. Having reviewed the submissions of the parties, the entire record in this matter and the applicable law, the undersigned is of the opinion that the motion should be denied.

Pursuant to paragraph 4 of Pretrial Order No. 2 [ecf doc. 22 in 2:07-md-1872], plaintiffs were to serve their initial disclosures by July 15, 2008. On August 7, 2008, having received no initial disclosures, defendant moved [ecf doc. 29 in 2:07-md-1872] to amend Pretrial Order No. 2 to grant plaintiffs an extension until August 15 to serve their initial disclosures. By Order dated September 5, 2008 [ecf doc. 35 in 2:07-md-1872], the court granted in part and denied in part defendant's motion to amend and extended the deadline for serving initial disclosures and

---

[1] Of the 210 plaintiffs at the Wayne Farms plant in Laurel, Mississippi designated to provide initial disclosures, 117 have failed to do so. *See* ecf. docs. 39-2.

responses to standard discovery to October 1, 2008.  To date, 117 of the 210 plaintiffs designated for disclosure in this action have not provided any initial disclosures.

An initial matter, plaintiffs argue that the motion should be denied because defendant failed to submit a Good Faith Certificate as required by Local Rule 37.1.[2]  This argument is unavailing.  The purpose of Rule 37.1 is "to encourage parties to confer between or among themselves and to avoid using the limited time and resources of the Court on routine discovery disputes."  *Vineyard Development Co. v. Rogers*, 1997 WL 450052, at * 1 (S.D. Miss. Aug. 5, 1997).  As outlined above, however, the parties have been conferring on the issue of initial and standard disclosures for several months, both with and without the court's involvement.  In the September 2008 Joint Status Report, Wayne Farms stated that it would be seeking dismissal of those plaintiffs who had not made required initial disclosures, and after the October 1 deadline had passed, defense counsel contacted plaintiffs' counsel via email and requested that they agree to dismiss those plaintiffs who had not provided initial disclosures.  *See* ecf. docs. 36-2, 36-3, 37-2, 37-3.  Plaintiffs did not respond.  Thus, there was no need for defendant to file a Good Faith Certificate, as plaintiffs were on notice that defendant would be seeking the relief sought herein, and it was clear that plaintiffs "ha[d] neither the intention to cooperate with [defendant]...nor the desire to conserve the resources [of] the Court."  *Vineyard Development*, 1997 WL 450052, at * 2.

At any rate, even if a Good Faith Certificate should have been filed along with the instant motions, this court "has the authority and jurisdiction to consider the motion" without it, as the

---

[2] "Prior to service of a discovery motion, all counsel shall be under a duty to confer in good faith to determine to what extent the issue in question can be resolved without court intervention.  A Good Faith Certificate [Official Form No. 5] shall be filed with all discovery motions, with a copy to the magistrate judge...."

Local Rules "are not jurisdictional in nature, and the Court is free to rule on motions not served in precise compliance with them." *Vineyard Development*, 1997 WL 450052, at * 1.  Therefore, the court will now turn to the merits of the motions.

This court has broad discretion to exercise its various sanctioning powers.  *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court.") (citation omitted).  Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney...fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v) permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery, including dismissing the action in whole or in part.

The court finds that dismissal of the 117 plaintiffs who have failed to provide initial disclosures is premature.  Although plaintiffs have clearly failed to meet the deadline in Pretrial Order No. 2, as well as in this court's September 5, 2008 Order, their failure to provide their initial disclosures has not been the subject of any prior motion.  Nor have they been warned that their failure to comply with these deadlines would result in their dismissal.  Accordingly, the court finds it appropriate to grant plaintiffs one final extension of time - until November 21, 2008 - to serve their initial disclosures.  Should plaintiffs fail to serve their initial disclosures and file proof thereof with the court by November 21, 2008, this court shall recommend that they be dismissed with prejudice.[3]

---

[3] Plaintiffs argue that "other individuals could easily be substituted who are available to provide the requested disclosures."  However, substituting other plaintiffs as discovery representatives does not excuse the disappearing act performed by the plaintiffs at issue.  Moreover, it would undermine the purpose of the representative discovery scheme set forth in Pretrial Order No. 2, pursuant to which defendant is allowed to select discovery representatives.

Local Rules "are not jurisdictional in nature, and the Court is free to rule on motions not served in precise compliance with them." *Vineyard Development*, 1997 WL 450052, at * 1.  Therefore, the court will now turn to the merits of the motions.

This court has broad discretion to exercise its various sanctioning powers.  *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court.") (citation omitted).  Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney...fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v) permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery, including dismissing the action in whole or in part.

The court finds that dismissal of the 117 plaintiffs who have failed to provide initial disclosures is premature.  Although plaintiffs have clearly failed to meet the deadline in Pretrial Order No. 2, as well as in this court's September 5, 2008 Order, their failure to provide their initial disclosures has not been the subject of any prior motion.  Nor have they been warned that their failure to comply with these deadlines would result in their dismissal.  Accordingly, the court finds it appropriate to grant plaintiffs one final extension of time - until November 21, 2008 - to serve their initial disclosures.  Should plaintiffs fail to serve their initial disclosures and file proof thereof with the court by November 21, 2008, this court shall recommend that they be dismissed with prejudice.[3]

---

[3] Plaintiffs argue that "other individuals could easily be substituted who are available to provide the requested disclosures."  However, substituting other plaintiffs as discovery representatives does not excuse the disappearing act performed by the plaintiffs at issue.  Moreover, it would undermine the purpose of the representative discovery scheme set forth in Pretrial Order No. 2, pursuant to which defendant is allowed to select discovery representatives.

IT IS, THEREFORE, ORDERED that defendant's Motion for Sanctions [39] is denied.

IT IS FURTHER ORDERED THAT the deadline for plaintiffs to serve their initial disclosures is extended until November 21, 2008.  Should plaintiffs fail to serve their initial disclosures and file proof thereof with the court by November 21, 2008, the court shall recommend that they be dismissed with prejudice.

SO ORDERED this 6th day of November, 2008.

s/ Michael T. Parker<br>
United States Magistrate Judge