IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| APRIL AGEE, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1010-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |
| | **consolidated with** |
| EULA M. KEYES, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1011-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

THIS MATTER is before the court on a Motion to Compel Discovery [58] filed by defendant. Defendant has moved to compel Supplemental Responses to five interrogatories and six document requests. Having reviewed the submissions of the parties and the entire record in this matter, the court finds that the motion should be GRANTED.

Interrogatory 6 asked plaintiffs to identify those documents they provided to third persons relating to their claims herein. Plaintiffs initially asserted a privilege objection, but in their response to the motion they stated that they do not possess any responsive documents. However, plaintiffs have not submitted a Supplemental Response to this Interrogatory. The court finds that plaintiffs should do so.

Interrogatory 8 required plaintiffs to provide calculations of time spent performing relevant activities. 30 of 32 plaintiffs responding to this Interrogatory only partially answered it, as conceded by plaintiffs in their response to the motion.[1] To justify their partial answers,

---

[1] *See* ¶ 3 of Response [64] ("Plaintiffs for the most part answered the question.").

plaintiffs argue that courts have allowed estimates of uncompensated hours as proof of damages in FLSA cases, and that defendant's motive in requesting this information "is to create impeachment opportunities." Whether or not these two arguments are true is irrelevant, as neither of them justifies plaintiffs' failure to comply with their disclosure obligations under the Federal Rules of Civil Procedure. The information is discoverable and, therefore, plaintiffs must respond fully and completely to Interrogatory 8.

In response to Interrogatory 9, which asked plaintiffs to identify each item that Wayne Farms requires them to wear while working, plaintiffs simply listed all the items that Wayne Farms provides and that they wear on a daily basis. In response to Interrogatory 10, which requested that plaintiffs identify all additional items worn while working in Wayne Farms' plants, excluding those items identified in response to Interrogatory 9, plaintiffs stated that to the best of their knowledge, all items worn are required. However, the specific items worn were not identified as requested in the interrogatory. Plaintiffs argue that Wayne Farms already knows the answer to these interrogatories and, therefore, they should not be required to answer. However, Wayne Farms argues that it only knows that *certain* items have been required of *certain* categories of workers, and not the plaintiff-specific information it is seeking in this interrogatory. The court agrees with defendant that it is entitled to full and complete answers to these interrogatories.

In response to Interrogatory 11, which requested that plaintiffs identify those items worn while working (other than personal clothing) and which of those items Wayne Farms required them to don and doff in connection with an unpaid break, plaintiffs evaded the question and provided an unresponsive answer. Additionally, plaintiffs wholly failed to address this Interrogatory in its response to defendant's motion. The court finds that plaintiffs should provide a Supplemental Response to this Interrogatory.

Finally, with respect to Document Requests 2-3 and 10-13, plaintiffs have stated that to the extent that responsive documents exist,[2] they will be produced. However, the documents have not yet been produced. As the deadline for responding to the document requests has passed,[3] and as the documents have not been produced, the court will set a deadline herein: plaintiffs shall produce the requested documents on or before December 22, 2008 (or shall state in their Supplemental Response that such documents either do not exist or are not in their possession, custody or control).

IT IS, THEREFORE, ORDERED and ADJUDGED that defendant's Motion to Compel Discovery [58] is granted. Plaintiffs shall provide Supplemental Responses to Interrogatories 6, 8, and 9-11 and Document Requests 2-3 and 10-13 on or before December 22, 2008.

SO ORDERED this the 11th day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] In their response to the Motion to Compel, plaintiffs argue that they are not required to produce documents that either do not exist or are not in their possession. That is no doubt true, but it misses the point. Where a document request calls for documents that do not exist or are not in plaintiffs' possession, custody or control, plaintiffs' shall so state in their response to the document request, so that defendant is not left to guess whether any responsive documents exist.

[3] Plaintiffs indicate that they will produce the requested documents "in accordance with the court's scheduling order." By Order [66] dated November 6, 2008, the court extended plaintiffs' deadline for responding to defendant's standard discovery requests to November 17, 2008.