IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**APRIL AGEE, et al.**                                                                                       **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION # 2:07cv1010-KS-MTP**
                                                           **ALSO DOCKET IN 2:07md1872-KS-MTP**

**WAYNE FARMS LLC**                                                                      **DEFENDANT**

CONSOLIDATED WITH

**EULA M. KEYES, et al.**                                                            **PLAINTIFFS**

**v.**                                                               **CIVIL ACTION #2:07cv1011-KS-MTP**

**WAYNE FARMS LLC**                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for partial summary judgment [Doc. #52] (October 15, 2008) filed by Defendant Wayne Farms LLC ("Wayne Farms"). Defendant seeks dismissal with prejudice of 17 of the Plaintiffs, alleging that there is no genuine issue of material fact and that Wayne Farms is entitled to judgment as a matter of law.[1] For reasons to follow, the motion should be **denied**.

Also before the Court is a motion to strike the Plaintiffs' summary judgment response exhibit [Doc. #61] (October 31, 2008) filed by Wayne Farms. Wayne Farms contends that the Plaintiffs submitted supplemental disclosures – on which they rely in their response to the motion for summary judgment – after the Court imposed deadline had elapsed for such

---

[1] Wayne Farms seeks dismissal with prejudice of the following Plaintiffs: Cassillie Allen, Debora Barnett, Anthony Bridges, Sevetrium Brown, David Clayton, Keisha Crosby, Annie Cunningham, Ceola Dawkins, Errie Evans, Jacqueline Heard, Lakya Malley, Cecelia Newell, Willie D. Payton, Jr., Bobbie Jean Pruitt, April Taylor, Natasha Vale, and Latasha Watson.

disclosures and that the Court should therefore strike the response. For reasons to follow, the motion should be **denied**.

## I. BACKGROUND

The litigation in this case arises from the allegations that the Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to compensate a number of its employees for work-related activities. *See generally* 29 U.S.C.S. § 201 et seq. The Plaintiffs in this case contest a specific pay practice: the use of a master time card to track the work hours of employees assigned to a processing line at the Defendant's Laurel, Mississippi plant. The Plaintiffs contend that this pay practice allows the Defendant to forego paying them for time spent on activities that are compensable under the FLSA.

Wayne Farms filed the instant motion for partial summary judgment on October 15, 2008. The Plaintiffs filed a response on October 27, 2008. [Doc. #59]. Wayne Farms filed the motion to strike on October 31, 2008. [Doc. #61].

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* There can be no

genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoviing party's case necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a

3

genuine issue for trial." *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. APPLICATION AND ANALYSIS

### A. Motion for Summary Judgment

The Plaintiffs filed this action against Wayne Farms claiming violations of the minimum wage and maximum hour (overtime) requirements of the FLSA. Pl.'s Amend. Compl. at ¶ 5 [Doc. #1-4] (November 20, 2007); *see* 29 U.S.C. §§ 206, 207. In the instant motion, Wayne Farms contends that the Plaintiffs' complaints ignored Wane Farms' practice of paying each employee for 11 extra daily minutes in addition to those minutes actually worked. Six of these eleven extra daily minutes are paid as "personal time." Wayne Farms alleges that it "adds another five paid minutes to each day by giving Laurel plant employees a thirty-five minute lunch break, while deducting only thirty of those minutes from paid time." Def.'s Br. at 2 [Doc. #52]. Wayne Farms contends that when the additional 11 daily minutes are factored in, the 17 Plaintiffs listed above no longer allege viable FLSA claims.[2]

---

[2] In support of the factual contention that its employees receive compensation for 11 extra minutes on a daily basis, Wayne Farms has submitted the sworn declarations of Benny Bishop [Doc. #52-5] (October 15, 2008), formerly the Complex Manager of the Wayne Farms plant in Laurel, Mississippi, and Debbie Falls [Doc. #52-6] (October 15, 2008), the Human Resources Assistant at the plant. Both aver personal knowledge of Wayne Farms' practice of paying 11 extra daily minutes to its employees at the Laurel, Mississippi plant. [Docs. #52-5, #52-6]. *See*

4

Even assuming that Wayne Farms has established that there is no genuine issue of material fact, this Court cannot grant the instant motion for summary judgment unless it is convinced that Wayne Farms is also entitled to judgment as a matter of law.  FED R. CIV. P. 56(b).  Wayne Farms has failed to cite even a single legal authority supporting its contention that it need not compensate its employees for work performed but can simply credit it against payments made to its employees for a paid lunch period or a paid personal time period.[3]  *See* Def.'s Br.  In light of Wayne Farms' utter failure to cite legal authority in support of its contention, combined with the results of the Court's independent research, the Court is not convinced that Wayne Farms would be entitled to judgment as a matter of law even if the facts of the case are as Wayne Farms represents them to be.

The question of whether an employer can lawfully credit "personal time" payments and "paid lunch" payments against compensation due to the employees under the FLSA appears to be one of first impression in this district.  The Court notes, however, that one district court in this circuit has considered and rejected a similar argument.  In addition, at least one circuit court has rejected a similar argument.

Section 207(h) of the FLSA governs compensation creditable toward minimum wage and

---

*also* Def.'s Exhs. 5 - 6 [Docs. #52-7, #52-8] (October 15, 2008).
    In addition, Wayne Farms points to the Plaintiffs' Fifth Supplemental Initial Disclosures ("Disclosures").  Def.'s Exh. 1 [Doc. #52-2] (October 15, 2008).  Wayne Farms notes that, according to the Disclosures, the 17 Plaintiffs at issue are claiming 12 minutes or less daily of uncompensated time worked at the Wayne Farms plant in Laurel, Mississippi.  Not one of the 17 Plaintiffs factored in the extra 11 daily minutes that Wayne Farms paid.  *See id.*

    [3] It should be noted, moreover, that the Plaintiffs have not disputed this contention and have similarly failed to cite any legal authority that either supports or refutes Wayne Farms' contention.  *See* Pl.'s Br. [Doc. #59] (October 27, 2008).

overtime compensation. *See* § 207(h)(1). Generally, "sums excluded from the regular rate . . . shall not be creditable" toward such wages. *Id.* Instead, only the "[e]xtra compensation paid as described in [§ 207(e)(5) - (e)(7)] shall be creditable . . . ." § 207(h)(2). Sections 207(e)(5) through (e)(7) list only the "extra compensation provided by a premium rate" and are therefore inapplicable in the case at bar. As a result, the Court concludes that § 207(h) prohibits the manner of offsetting that Wayne Farms seeks to employ.

In *Duplessis v. Delta Gas, Inc.*, 640 F. Supp. 891 (E.D.La. 1986), a district court in this circuit interpreted § 207(h) with similar results. In *Duplessis*, the defendants sought "a credit against [the] plaintiffs' award of overtime compensation for the extra compensation paid for non-productive time and year end bonuses." *Id.* at 896. Noting that the payments made were not "related to the performance of overtime, and instead [were] 'payments made for occasional periods when no work is performed' " the *Duplessis* court held that the payments were not creditable as overtime. *Id.* at 897 (citing §§ 207(e)(2), (e)(3), and (h)).[4]

The United States Court of Appeals for the Ninth Circuit held that an employer could not "lawfully credit the 'paid lunch' time payments against overtime compensation due the employees." *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 903, 913-14 (9th Cir. 2004). In

---

[4] In a second district court case from this circuit, a court declined to grant summary judgment on a similar issue. In *Alexander v. Wackenhut Corp.*, No. 07-262, 2008 WL 2697163 (E.D.La. July 1, 2008), the court was faced with whether time spent by employees donning gear and at roll call was compensable work time. The court opted not to rule on the issue, finding that triable issues of fact remained. *Id.* at *4. However, the court went on to evaluate the defendant's argument that even if the time at issue were compensable, that an "additional half-hour of pay given to [the employees] for each shift regardless of whether they [worked during the period] fully compensated [the employees] for their work time." *Id.* at *7. The court declined to grant summary judgment on that ground, noting that "the parties provide[d] little helpful authority addressing whether any such amount should or may be credited against any additional compensation found to be owed . . . for time expended." *Id.*

*Ballaris*, the plaintiff employees received two meal periods: a 30-minute unpaid meal period and a 30-minute paid meal period. *Id.* at 906. The court noted that "the parties treated the half-hour paid lunch period as non-working time." *Id.* at 909. Consequently, the court found "that the payments for the lunch periods constituted an additional benefit for employees and not compensation for hours worked." *Id.* Denying the defendant's request to credit the "paid lunch" compensation against the compensation required by the FLSA, the court relied primarily on § 207(h). *See id.* at 913-14. The court noted that "compensation for paid lunch periods is excluded from the regular rate under section 7(e)(2)" and that, as a result, any "offset of wages or overtime compensation due for hours worked is in direct violation of the express provisions of section 7(h)." *Id* at 913. In addition, the court noted that such a practice "would undermine the purpose of the FLSA" and would constitute a "false and deceptive 'creative' bookkeeping." *Id.* at 914.

As these non-binding cases are consistent with this Court's interpretation of the FLSA, the Court concludes that the motion for summary judgment should be denied.

### B. Wayne Farms' Motion to Strike

Finally, the Court turns to Wayne Farms' motion to strike. Wayne Farms seeks to strike Plaintiffs' Exhibit B, which is Plaintiffs' Sixth Supplemental Initial Disclosures. *See* Pl.'s Exh. B [Doc. #59-3] (October 27, 2008). Wayne Farms seeks to strike the exhibit on the grounds that it was submitted after the deadline set forth in this Court's discovery order. *See In re Wayne Farms LLC*, 2:07-md-01872, [Doc. #35] (September 5, 2008). Although the Court has taken note of and disapproves of the Plaintiffs' failure to abide the discovery order, it opts against striking the Plaintiffs' Sixth Supplemental Initial Disclosures. The Court notes that the

disclosures were not dispositive as to the motion for summary judgment and their untimeliness has not otherwise prejudiced Wayne Farms.

## IV. CONCLUSION

Given the Court's interpretation of the FLSA and the supporting caselaw, the Court is not convinced that Wayne Farms is entitled to judgment as a matter of law on the issue of offsetting. In addition, the Court has opted to forego striking the Plaintiffs' belated disclosures.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for summary judgment [Doc. #52] is **denied**. IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's motion to strike [Doc. #61] is **denied**.

SO ORDERED AND ADJUDGED on this, the 13h day of January, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE