IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**APRIL AGEE, ET AL**     **PLAINTIFFS**

**V.**     **CIVIL ACTION NO. 2:07cv1010-KS-MTP**

**WAYNE FARMS LLC**     **DEFENDANT**

**CONSOLIDATED WITH**

**EULA M. KEYS, ET AL**     **PLAINTIFFS**

**V.**     **CIVIL ACTION NO. 2:07cv1011-KS-MTP**

**WAYNE FARMS LLC**     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the motion for reconsideration [Doc. #106] filed by Defendant Wayne Farms LLC ("Wayne Farms"). Wayne Farms asks this Court to reconsider its January 13, 2009, Opinion [Doc. #101] which denied Wayne Farms' Motion for Partial Summary Judgment [Doc. #52]. In the same Opinion, the Court also denied Wayne Farms' Motion to Strike [Doc. #61]. On April 6, 2009, by Document #127, this Court acknowledged that it would reconsider its prior January 13, 2009, Opinion [Doc. #101] and stated that it would reconsider the Motion for Partial Summary Judgment and the Motions to Strike. Following this Court's entry of its Order [Doc. # 127], the parties telephoned the Court and requested that the Court defer ruling and that the case would probably settle. The Court abided by the parties' request and, in fact, this case was resolved. However, in order to correct the record and this Court's misapplication of the facts and the law and for the reasons to follow, this Court now

concludes that the Motion for Reconsideration should be **granted**. The entry of this Opinion, however, will not affect the announced settlement by the parties and the Plaintiffs who are having summary judgment granted against them in this Order will remain a part of the settlement class that has been previously announced to this Court. This Court's prior Opinion [Doc. #101] should be withdrawn, with this Opinion substituted in its place. The Court further concludes that the Motion to Strike [Doc. #61] should be **granted** and that the Motion for Partial Summary Judgment [Doc. #52] should be **granted.**

## I. Background

The litigation in this case arises from the allegations that Wayne Farms has violated the Fair Labor Standards Act ("FLSA") by failing to compensate a number of its employees for work-related activities. *See generally* 29 U.S.C.S. § 201 et seq. The Plaintiffs in this case contest a specific pay practice: the use of a master time card to track the work hours of employees assigned to a processing line at the Defendant's Laurel, Mississippi plant (the "master card tracking system"). The Plaintiffs contend that the master card tracking system fails to record their time spent on work away from the line ("off-line activities") both before and after their line work. These off-line activities included the donning and doffing of job clothing and the time spent walking to and from the processing line. *See* Def.'s Reply Br. at 1 [Doc. #113] (February 6, 2009).

The 17 Plaintiffs at issue allege that the master card tracking system resulted in Wayne Farms' failure to pay them for up to 12 minutes each day they worked,[1] and they now seek

---

[1] The 17 Plaintiffs at issue allege varying numbers of minutes not recorded by the master card tracking system, ranging from 5 daily minutes to 12 daily minutes.

2

compensation for the time spent on offline activities. Wayne Farms filed its motion for partial summary judgment, seeking dismissal of the 17 Plaintiffs on the basis that it had compensated them for 11 minutes daily in addition to those minutes recorded by the master card tracking system.[2]

These additional 11 daily minutes consisted of two separate payments. First, Wayne Farms compensated the Plaintiffs for five minutes of "personal time" each day of work by the Plaintiffs. [Doc. #52-3]. Second, Wayne Farms allowed the Plaintiffs a 35 minute lunch break but only deducted 30 minutes from the paid time of each employee. [Docs. #52-5, #52-6]. Wayne Farms alleges that it paid these 11 minutes daily to compensate its employees for their offline activities.

Wayne Farms has produced Hours and Earnings Histories in support of these contentions. For example, as to one of the Plaintiffs at issue, the record[3] lists the following information:

| Check Date | Reg Hrs | Reg Earn | OT Hrs | OT Earn | PT Hrs | PT Earn | GROSS |
|---|---|---|---|---|---|---|---|
| 10/30/2003 | 39.5 | 346.42 | 0.22 | 2.89 | 0.5 | 4.39 | 353.7 |

[Doc. #52-3]. As the record reflects, during the week of October 30, 2003, Wayne Farms

---

[2] The Court agrees with Wayne Farms' argument – which the Plaintiffs have not challenged – that the one minute (or less) difference between time worked and time compensated is de minimis. *See Carlsen v. United States*, 521 F.3d 1371, 1380 (Fed. Cir. 2008) ("the period that is normally regarded as the cut-off for de minimis overtime is 10 minutes"); *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) ("Most courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable"); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 519 (E.D.Tex. 2005) ("courts consider daily periods of approximately ten minutes to be de minimis as a matter of law").

[3] The Court has redacted several columns of the table for space considerations.

compensated one of the Plaintiffs for 39.5 regular hours of work, 0.5 personal time hours, and 0.22 overtime hours. *Id.* The record indicates that the Plaintiffs were credited with six minutes of personal time for each day worked. Moreover, once the combination of the Plaintiff's regular hours and personal time hours totaled 40 hours per week, Wayne Farms compensated the Plaintiffs at an overtime rate for all additional time worked. *Id.* Ostensibly, the five minutes of paid lunch break time are reflected in the regular hours total.[4] *See* [Docs. #52-5, #52-6].

Thus, the disposition of Wayne Farms' motion for summary judgment turns on whether the payment of these additional 11 daily minutes legally compensated the 17 Plaintiffs for the time they alleged to have worked offline sans compensation. In their response to the motion for partial summary judgment, the Plaintiffs did not argue that the 11 daily minutes could not compensate them in that manner. [Doc. #59] (October 27, 2008). Instead, the Plaintiffs changed their factual allegations by filing their sixth supplemental initial disclosures. [Doc. #57] (October 23, 2008). Each of the Plaintiffs supplemented their initial disclosures to claim 30 minutes more uncompensated work than they had previously claimed. [Doc. #59-3] (October 27, 2008). Accordingly, instead of alleging to have worked 12 or fewer uncompensated daily minutes, the Plaintiffs allege to have worked 42 or fewer uncompensated daily minutes. [Doc. #62-2] (October 31, 2008). As the Plaintiffs concede, the supplemented initial disclosures did not reflect any new information obtained. Rather, the Plaintiffs simply amended the disclosures to be consistent with their legal argument that an entire 30-minute break provided by Wayne Farms to the Plaintiffs should have been compensated. Pl.'s Strike Br. at 2 [Doc. #67] (November 10, 2008).

---

[4] The Plaintiffs do not dispute that they were paid for five minutes of the lunch break.

The Plaintiffs served these supplemented initial disclosures on October 23, 2008, [Doc. #57] although the Court imposed deadline for the initial disclosures was October 1, 2008. 2:07-md-1872, [Doc. #35] (September 5, 2008). The Plaintiffs filed a motion to strike the supplemented disclosures. [Doc. #61] (October 31, 2008). The Court issued an Opinion denying both the motion for partial summary judgment and the motion to strike on January 13, 2009. [Doc. #101]. Within 10 days of the Opinion, Wayne Farms filed the instant motion for reconsideration. *See* [Doc. #106] (January 21, 2009). The Plaintiffs oppose the motion. [Doc. #110] (January 30, 2009). The Court notified the parties, in a previous order, that it would re-evaluate both the motion for partial summary judgment and the motion to strike. [Doc. #127] (April 6, 2009).

## II. STANDARD OF REVIEW

### A. Motions to Reconsider

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

A "trial court is free to reconsider and reverse [an interlocutory order] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167,

5

185 (5th Cir. La. 1990) (citing FED. R. CIV. P. 54(b)), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc) (per curiam).

### B. Motions for Summary Judgment

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoviing party's case necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

# III. APPLICATION AND ANALYSIS

## A. The Court Finds Justification for Reevaluating Both the Motion to Strike and the Motion for Partial Summary Judgment

Once Wayne Farms filed the instant motion for reconsideration, the Court became aware of a peculiarity in the case's procedural history which caused the Court to overlook Wayne Farms' memorandum in support of its motion for partial summary judgment. *See generally* [Doc. #50] (October 15, 2008).[5] This oversight caused the Court to misapprehend the brunt of Wayne Farms' argument for summary judgment. The Court believes this oversight justifies revisiting its decision to deny the motion fo partial summary judgment. In addition, the Court notes that it denied Wayne Farm's motion to strike only after denying the motion for partial summary judgment on other grounds. The Court noted even then, however, its disapproval of the belated filing. As the Court explains below, it now concludes that the motion for partial summary judgment has merit as a matter of law. Thus, the Plaintiffs' belated disclosures are

---

[5] Initially, Wayne Farms filed its motion for partial summary judgment as Document No. 49 on October 15, 2008. On the same day, Wayne Farms filed its memorandum in support as Document No. 50. Subsequently, the clerk of court terminated the motion for partial summary judgment (Document No. 49) and Wayne Farms refiled the motion as Document No. 52. Wayne Farms did not refile its memorandum in support; instead, the clerk of court annotated the docket, noting that Document No. 50 should be linked to Document No. 52, rather than to Document No. 49. This action notwithstanding, the docket sheet still lists the memorandum in support (Document No. 50) with a link to the since-terminated Document No. 49, and lists no link to Document No. 52.

This multi-district litigation involving Wayne Farms' master card tracking system is a collective action involving several different cases, hundreds of Plaintiffs, and a number of documents in the record fast approaching one thousand. Without a link in the docket connecting Wayne Farms' motion for partial summary judgment (Document No. 52) to the memorandum in support, the Court overlooked the memorandum when it ruled on the motion for partial summary judgment.

now in position to be dispositive as to the motion for partial summary judgment. Given these changed circumstances, the Court finds ample justification to reconsider the motion to strike as well.

### B. Wayne Farms' Motion for Partial Summary Judgment

Wayne Farms' motion for partial summary judgment seeks dismissal of 17 Plaintiffs on the basis that each of the Plaintiffs "initially disclosed facts that defeat their FLSA overtime claims." Def.'s MSJ at 1. Wayne Farms notes that the initial disclosures submitted by the Plaintiffs indicated that the 17 plaintiffs alleged 12 or fewer daily minutes worked without compensation. *See* [Doc. #52-2]. Wayne Farms contends that each of the 17 Plaintiffs "ignore[d] Wayne Farms' practice" of paying them "an extra eleven minutes per day for "Personal Time." Def.'s MSJ at 1-2. Wayne Farms contends that the payment for the 11 minutes establishes that "Wayne Farms already has met its obligation to pay for the minutes claimed" by the Plaintiffs at issue. *Id.*

Wayne Farms has submitted competent evidence that it paid each employee for 11 extra daily minutes in addition to those recorded as worked by the master card tracking process. *See* Def.'s Exhs. [Docs. #52-2 – #52-9] (October 15, 2008). It is also undisputed that the 17 Plaintiffs did not take the 11 daily Personal Time minutes into account when performing their calculations. *See* [Doc. #52-2] (the 17 Plaintiffs indicated either that they did not know if they were paid for personal time or that they were not paid for personal time). Each of the Plaintiffs at issue alleged to have worked twelve minutes or less daily for which Wayne Farms failed to compensate them. [Doc. #52-2]. These material facts are not now in dispute.

The law governing the Plaintiffs' claims derive from the FLSA and the federal

regulations interpreting the FLSA. The FLSA governs employees' claims for both minimum wage and overtime violations, *see* 29 U.S.C. §§ 206-07, but the Plaintiffs advance no minimum wage claims, so their claims are governed by § 207. *See* Amend. Compl. [Doc. #1-4] (November 20, 2007). Section 207 states in relevant part that

> no employer shall employ any of his employees who in any workweek . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

§ 207(a)(1). To calculate the "regular rate" of pay, courts "divid[e] the remuneration paid by the number of hours worked." *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 908 (9th Cir. 2004). The "regular rate . . . shall be deemed to include all remuneration for employment paid to . . . the employee" unless the remuneration falls under an exception under 29 U.S.C. § 207(e). § 207(e).

Under the FLSA, an employee who brings suit for unpaid overtime compensation bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680; *Marshall v. Dallas Independent School District*, 605 F.2d 191 (5th Cir. 1979). "The employee meets his burden if he proves that he has in fact performed work for which he was not adequately compensated and produces sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Duplessis*, 640 F. Supp. 891, 896 (E.D.La. 1986) (citing *Anderson*, 328 U.S. at 687-88). Wayne Farms moved for summary judgment, in this

instance, on the grounds that the Plaintiffs have no competent evidence establishing that they performed work for which they were not properly compensated.

For the purposes of this motion, the parties agree that the Plaintiffs did work the 12 or fewer daily minutes they allege to have worked and that Wayne Farms compensated the Plaintiffs for 11 minutes for each shift they worked, beyond the minutes tallied by the master card tracking system. Hence, the issue before the Court is whether there is a sound basis for holding that these payments did not legally compensate the Plaintiffs for the equivalent time they alleged to have worked without remuneration. The only argument advanced for such a basis is that the payments fall under a § 207(e) exclusion.

The "regular rate" at which an employee is paid includes all remuneration for employment except for the types of pay listed in § 207(e). Hence, "payment made as compensation" for activities such as "meal periods and rest periods" is "included in the regular rate of pay unless if qualifies for an exclusion." 29 C.F.R. § 778.223. Section 207(e) lists several categories of compensation which are excluded from the regular rate of pay. The only category arguably implicated by the payments at issue is found in § 207(e)(2). That section excludes from the regular rate any "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause . . . ." § 207(e)(2). The Plaintiffs argue that the payments for the 11 daily minutes at issue – which Wayne Farms has labeled as for "personal time" – constitute such payments. [Doc. #110] (January 30, 2009).

The federal regulations pertaining to this issue, however, clearly establish that the payments at issue do not fall under the § 207(e)(2) exclusion. The exclusion "deals with the type

of absences which are infrequent or sporadic or unpredictable. It has no relation to regular 'absences' such as lunch periods." *See* 29 C.F.R. § 778.218(b). "The term 'other similar cause' refers to payments made for periods . . . [such as] absences due to jury service, reporting to a draft board, attending a funeral," and the like. 29 C.F.R. § 778.218(d). "Only absences of a nonroutine character which are infrequent or sporadic or unpredictable are included in the 'other similar cause' category." *Id.*

The undisputed evidence in this case reveals that the "personal time" payments were credited for each day worked by the Plaintiffs. Consequently, the payments were routine and frequent, precluding them from qualifying for the § 207(e)(2) exclusion. Because this compensation does not fall under any § 207(e) exclusion, the Court need not analyze whether § 207(h) permits a "crediting" of the payments.[6] Instead, the payments are included in the regular rate of pay for the Plaintiffs and therefore compensated them for the offline minutes worked as a matter of law. For these reasons, the Court holds that the 17 Plaintiffs have failed to meet their burden of demonstrating that they have worked minutes for which they received no compensation and grants the motion for partial summary judgment.

### C. Wayne Farms' Motion to Strike

---

[6] Without the benefit of Wayne Farms' memorandum in support, the Court understood the motion for partial summary judgment to request a credit of non-regular rate payments pursuant to § 207(h). Because the compensation for the 11 daily minutes does not qualify for an exclusion under § 207(e), § 207(h) is inapplicable.

Upon further review, the Court believes that *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004), which the Court cited favorably in its previous opinion, is distinguishable. In *Ballaris*, the Court considered § 207(h) only after concluding that the payments in question should be excluded from the regular rate because "it appears from all the pertinent facts that the parties have agreed to exclude [the period] from hours worked." 370 F.3d at 909. The Court is aware of no similar agreement in this case and, as a result, finds no support in *Ballaris* for holding that the payments in question should be excluded from the regular rate of pay to the Plaintiffs.

It is undisputed that the Plaintiffs' sixth supplemental initial disclosures were filed several weeks after the Court-imposed deadline. It is also undisputed that the disclosures do not contain new factual allegations, but instead simply reflect a legal argument made by the Plaintiffs. Namely, the Plaintiffs argue that the second 30-minute meal break should have been a paid break. Due to the untimeliness of the disclosures, the Court will not wade into that argument unless it finds the Plaintiffs' belated disclosures were justified.

To justify their belated disclosures, the Plaintiffs cite Rule 26. In relevant part, Rule 26 states

> (1) In General. **A party who has made a disclosure** under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – **must supplement or correct its disclosure** or response:
>
> (A) in a timely manner **if the party learns that in some material respect the disclosure or response is incomplete or incorrect,** and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

FED. R. CIV. P. 26(e)(1) (emphasis added). The Plaintiffs state that they "were merely supplementing their previous disclosures to reflect their allegation that the second 'meal break' is compensable." Pl.s' Strike Br. at 2 [Doc. #67] (November 10, 2008). However, the Plaintiffs do not allege that they only recently learned of the disclosures' incompleteness or incorrectness. *See* Pl.s' Strike Br. Moreover, there is ample basis for concluding that the Plaintiffs did not

recently discover any new information that justified the tardiness of the disclosures. In their amended complaint, which first appears in this case's record on November 20, 2007, the Plaintiffs took issue with the unpaid breaks. *See* Amend. Compl. at 3 [Doc. #1-4] ("The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break."). As a result, the Court

agrees with Wayne Farms' contention that the Plaintiffs' belated supplementation is without justification.

The Court must therefore determine whether the appropriate response for the belatedness is to strike the sixth supplemental disclosures. Sanctions for failure to comply with a court order are listed in Rule 37. *See generally* FED. R. CIV. P. 37(b)(2)(A).

If a party . . . fails to obey an order to provide . . . discovery . . . the court . . . may:

(i) direct[ ] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [or]

(iii) strik[e] pleadings in whole or in part.

*Id.* By virtue of the Court's second Pretrial Order, the Plaintiffs had known for many months

that their initial disclosures would be required to state "the number of overtime minutes he or she claims to have worked in each work week." [Doc. #22] (May 20, 2008). The second Pretrial Order also notified the Plaintiffs that if their "calculation is based on the difference between asserted work time and paid master card time and does not credit Defendant with payment of six daily minutes of Personal time (and any additional time credits applicable in that plant), that fact shall be stated." *Id.* Notwithstanding this advance notice of the requirements of their initial disclosures, the 17 Plaintiffs each listed 12 minutes or fewer of uncompensated work time until Wayne Farms filed its motion for partial summary judgment. Only after they were alerted to the basis for Wayne Farms' motion for partial summary judgment, weeks past the deadline for supplementing the disclosures, did the Plaintiffs submit their sixth supplemental disclosures. In light of these circumstances, the Court deems it appropriate to strike the sixth supplemental initial disclosures and to require the Plaintiffs to proceed according to the information they provided in their prior disclosures unless good cause is shown for permitting future amendment

# IV. CONCLUSION

Due to an oversight by the Court, the Court's previous ruling was issued with an incomplete understanding of the underpinnings of Wayne Farms' motion for partial summary judgment. The Court has therefore re-evaluated both the motion for partial summary judgement and the motion to strike with the full benefit of the documents in the record. Having done so, the Court grants the motion to strike the Plaintiffs' sixth supplemental disclosures. Furthermore, the Court holds that the motion for summary judgment establishes a lack of any genuine issue of material fact and that Wayne Farms is entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for reconsideration [Doc. #106] is **granted**, that the Defendant's motion for partial summary judgment [Doc. #52] is **granted**, and the Defendant's motion to strike [Doc. #61] is **granted**.

SO ORDERED AND ADJUDGED on this, the 16th day of December, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE